IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Clifford Adderly; Wayne Akins;              :
Miriam Alejandro;  David Allsteadt;         :
Aretha Anderson;  Alonzo Arbee              :
Rodney Avery; Ruby Baldwin;                 :
Charles Ball; Jeffrey Banks;                :
Antoinette Beavers; Reginald Beavers;       :
Emanual Benton; Donald Bolton               :
Adrian Brinn; Bernard Brown;                :
Jamena Brown; Angelyn Brownlee;             :
Natasha Cage; Betty Caldwell;               :
Eddie Caldwell; Thelma Calloway;            :
Annie Canty; Donald Carr;                   :
Chevelle Carter; Larry Carter;              :
Linda Clemons;  Samuel Cox;                 :
Sheryl Crain-Hamdenman;                     :
 Joseph Crumbley;                           :
Sharon Curtis;                              :
Miquel Dacosta; Kirk Daniels;               :
Michael Daniels; Nathaniel Davis;           :
Fatima Denham; James Devlin;                :
Darius Dwight,                              :
Tamika Edwards; Jack English                :
Carl Ellerbee; Tony Evans;                  :
Wanda Evans;  Michael Felton                :
Trent Foster;  Lisa Foster-Bell;            :
Tamika Frazier; Marcus Freeman;             :
Inez Garvin;  Kirk Garvin;                  :
Kimberly Gertman : Cassandra Gilbert;
 Stuart Goodall; Reginald Gooden;           :
Ronald Green;  LaGina Grevious;             :
Tiffany Griffin;  Johnny Griggs;            :
Celeste Hall;  Zack Harris;                 :
Pamela Harvey; Walter Hester;               :
Tennille Hicks; Jennell Hines;              :

1

Frank Hizine; Octavia Holliman;          :
Kenneth Holmes;  Elwin Holt;             :
Corey J. Howard; Evelyn Huffman;         :
Carla Humphrey;                          :
Walter Hutton; Audrey Jackson;           :
Charlotte Jackson;                       :
Charles F. Johnson; Roy Johnson;         :
Janiece Jones; Dominque Jordan;          :
 Valerie Jordan; James Keesee;           :
Tamara Latimore;  Brenda Lay;            :
Frances Leigh;  Anthony Leslie;          :
Dana Little;  James Little;              :
Dolores Lodge;  Letha Love;              :
Sheila Mahone;  Theresa Mathews;         :
Gayla Mathis; Gregory McCarthy;          :
Allen McDaniel; Jeffrey McIntosh;        :
Delores McKennie; Ray McLean;            :
Miguel Merritt; Rhonda Mitchell;         :
Earnest Moore;  Finnessee Moss;          :
Tanisha Nicoli; Sabrina Norris;          :
LaDolka Nowell; Sebrena Parham;          :
Beverly Parker; Michelle Parrish;        :
Gina Perez;  Calvin Perkins;             :
Roosevelt Prime;                         :
Courtney Rhodes;  Phillip Richardson;
Carey Robinson; Terida Russell;          :
Nilma Sanders; Ricardo Santos;           :
Allen Scott;  Lamarchell Shields;        :
Larry Smith                              :
Roger Snipes; Mathew Stewart;            :
 Krystall Strohman; Verene Swindle;  :
Walter Sykes; TaWanda Tenney;            :
Arethia Thomas; Mark Thompson;           :
 Jacqueline Thornton;  Dexter Toomer;
Eddie Tyson; James Waddell;              :
 Joyce Wagner; Dhameer Waithe;           :
Billy Warlick; Sylvia Waymom;            :
Wanda Welch;  Ronald Wells;              :
Sonya Wheeler; April White;              :

Frederick White; Eric Whitehead;     :
Willie Wiggins; Bernard Williams;    :
Ellis Williams; Omar Williams;       :
Trent Williams;                      :
Derick Wilson; Willie Wilson;        :
William Wright; Timothy Wynn;        :
                                     :
    Plaintiffs   :
                                     :     CIVIL ACTION FILE
v.                                   :     NO.: 1:08-cv-2111
                                     :
CITY OF ATLANTA, GEORGIA             :
                                     :
    Defendant    :

## FIRST AMENDED COMPLAINT[1]

COME NOW, the above named Plaintiffs who file this First Amended

Complaint against the above named Defendant, showing the Court as follows:

## INTRODUCTORY STATEMENT

1.

The Plaintiffs named above, are all present or former employees of the City

of Atlanta, Georgia who are, or were for some period of time between June 17,

2005 and the present, employed in the City of Atlanta's Department of Corrections

as sworn detention officers, holding various rank ordered positions, and who, by

virtue of the duties and responsibilities that they perform, are all similarly situated

---

[1] **Error! Main Document Only.**Plaintiffs file this Amended Complaint as a matter of right under Federal Rule of Civil Procedure 15 as no responsive pleading has been filed.

in that all are non-FLSA exempt employees.  These Plaintiffs  seek to enforce the

rights and privileges to which they are entitled under the Fair Labor Standards Act.

They file this Complaint to recover overtime compensation (1 ½ times their hourly

rate of pay) for all hours worked in excess of 40 in any given week was mandated

by the FLSA and who did not receive monetary compensation equal to 1 ½ times

their regular hourly rate for those overtime hours.

2.

Each Plaintiff, at relevant times, has faithfully and loyally served

The City of Atlanta, by performing services for the Department of Corrections, and

by performing valuable, difficult, and dangerous work as public servants on behalf

of the citizens of Atlanta

**JURISDICTION AND VENUE**

3.

The Plaintiffs bring this action to recover unpaid overtime compensation and

for other relief under the provisions of the Fair Labor Standards Act of 1938, as

amended (29 U.S.C. § §201-219; hereinafter referred to as the "Act" or the

"FLSA"}, and for a declaratory judgment under 29 U.S.C. § §2201.and 2202.

4.

Jurisdiction over this action is conferred upon this Court by Section

16(b) of the Act (29 U.S.C. § §216(b)), by 28 U.S.C. §1331, and by 28 U.S.C.

§1337. Venue is properly laid in this Court by Section 16(b) of the Act (29 U.S.C. §216(b)) and also pursuant to 2$ U. S. C. §1391 (b) as the Defendant resides in this District and Division and the wrongful conduct complained of herein occurred within this District and Division

## PARTIES

### 5.

The Plaintiffs, are current and former employees of the City of Atlanta who are presently, or were at various times within the last three calendar years prior to date of the filing of this lawsuit, employed as sworn officers who, by virtue of the duties and responsibilities that they perform(ed), are, or were, non-FLSA exempt employees.

### 6.

Defendant owes money to each Plaintiff that the FLSA required the Defendant to pay to each Plaintiff, as monetary compensation for the work each Plaintiff performed on behalf of the Defendant, but which the Defendant has failed to pay.

### 7.

The Plaintiffs are employees who are, or were at all relevant times, employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by Section 3(s) of the Act (29 U.S.C. §203(s)).

8.

Joinder of all Plaintiffs into this one Complaint is proper as all Plaintiffs'
claims revolve around a common nucleus of operative fact and involve the same or
substantially similar legal issues.

9.

The Defendant City of Atlanta (hereinafter also referred to
as "Defendant" or "City" or "Atlanta) is a municipal corporation organized under
the laws of the State of Georgia and either is, or at all relevant times was, the
Plaintiffs' employer and, therefore, subject to the provisions and requirements of
the FLSA.


10.

The City of Atlanta  is an "employer: as defined by Section 3(d) of the Act
(29 U.S.C. §203(d)),; is a "public agency" as defined within 29 U.S.C. §203(x),;
and  is an "enterprise," as defined by Section 3(r) of the Act (29 U.S.C.
§203(r)).and it lies geographically within the territorial confides of the Northern
District of Georgia, Atlanta Division.

11.

The City of Atlanta, all relevant times, was aware of the provisions of the
FLSA, as amended, to-wit: 29 U.S.C. § §201, et seq. and was aware when it failed

to monetarily compensate the Plaintiffs, as complained of herein, that the FLSA required that the Plaintiffs receive overtime pay as alleged herein.  The City of Atlanta may be served with a copy of this Summons and Complaint by service on Mayor Shirley Franklin at 55 Trinity Avenue, Atlanta, Georgia 30303.

## THE FACTS AND THE APPLICABLE LEGAL REQUIREMENTS

12.

The City of Atlanta is a municipal corporation existing under the laws of the State of Georgia.

13.

The City of Atlanta operates under a City Charter enacted by the Georgia General Assembly, and a Code of Ordinances enacted by its "governing authority."

14.

The City Council is the "governing authority" of the City of Atlanta, and it alone is empowered to exercise the legislative power of the City.

15.

Sworn Officers within the Department of Corrections are subject to the protections of the Civil Service system of City of Atlanta  and may be discharged only for "just cause." They are entitled to appeal any purported "just cause" dismissal to the City Civil Service Board.

16.

The original Fair Labor Standards Act as originally passed in 1938 specifically excluded  the States and their political subdivisions from its coverage.

17.

Congress amended the FLSA in 1974 so as to bring employees of state and local governments within its coverage. The amendments provided a partial overtime exemption applicable to sworn law enforcement employees. See, 29 U.S.C. Sec. 203(d)(1940 ed); National League of Cities v. Ussery, 426 U.S. 833, 96 S.Ct. 2465, 2469 49 L.Ed.2d 245 (1976).

18.

On, June 24, 1976, the Supreme Court held that Congress' extension of the FLSA so as to include employees of state and local governments violated the Tenth Amendment, and was therefore unconstitutional and unenforceable. Ussery, supra.

19.

On February 19, 1985, the Supreme Court overruled Ussery, holding that employees of state and local governments were protected under the FLSA. Garcia, supra.

20.

On November 13, 1985, Congress enacted amendments to the FLSA in order to provide state and local employers a grace period (until April 15, 1986), to come

into compliance, and further providing that public entities were permitted to defer payment of overtime earned after April 15, 1986 until August 1, 1986. The amendments also authorized public employers, under certain circumstances, to provide employees "compensatory time off" in lieu of cash overtime payments.

21.

The partial overtime exemption for employees working in firefighting or law enforcement capacities provides that for those state and local governments who adopt a work period other than a 40 hour work week, i.e., a 14 or 28 day work period, for its employees employed in firefighting and law enforcement capacities, then those employees are not entitled to overtime pay (1 ½ times regular pay) until after employee has worked the equivalent of 171 hours in a 28 day pay period.

22.

The City of Atlanta has never adopted a work week other than 40 hour work week for sworn officers within the Department of Corrections and, in fact, expressly acknowledges that Corrections Department officers like the Plaintiffs are paid according to a 40 hour work week.

23.

Determining the compensation and the terms/conditions of employment for employees of the City of Atlanta is a legislative function vested exclusively in the City Council.

24.

City Officials and employees (other than the City Council) lack the power and authority to determine the compensation and terms/conditions of employment for City employees.

25.

The means by which the City may set the compensation, terms, conditions and benefits of employment for City employees are limited to official action taken by way of Ordinance.

26.

The City Council frequently and routinely exercises its legislative power to govern the compensation and terms/conditions of employment for City employees in numerous pertinent areas, specifically including such areas as legislating and establishing: "pay periods," "work schedules," "work periods," "overtime compensation," "compensatory time  off," and "pay and compensation plans."

27.

Pursuant to Georgia law, City work periods must be such that "the month [is] divided into at least two equal periods…provided…that the payments made on each such date shall in every case correspond to the full net amount of wages or earnings due the employees for which the payment is made." State law, therefore, prohibits a work period in excess semi-monthly.

28.

The City of Atlanta adopted a 5 day workweek for its employees in 1967.

29.

The Atlanta Department of Corrections finds its existence brief in comparison to other City agencies.  The Corrections Department was formerly known as the Prison Department which managed the City of Atlanta's 700 bed prison farm located within Northeast Atlanta on Key Road.

30.

In 1975, responsibility for the Atlanta jail and Grady Hospital Detention Center, was transferred to the Prison Department from the Atlanta Police Department to promote professionalism of the City's Correctional System.  At the same time, the Prison Department was reorganized as the Bureau of Correctional Services within the Department of Human and Community Development.  The Bureau was later realigned to coexist under the Department of Public Safety with the police, fire and emergency management agencies.

31.

In 1990, the Department of Public Safety was abolished and corrections operations were configured under a single Department of Corrections.

<u>PERTINENT ORDINANCES AND RESOLUTIONS</u>

32.

As of December 16, 1986, by way of Ordinance, the City had in place

various policies concerning "work hours"; "overtime"; and "compensatory time".

Effective December 17, 1986, the City, by Ordinance, substantially amended

the Code of Ordinances previously in effect including the Ordinances governing

"overtime"; "hours of work" and "compensatory time", for the stated purposes

(among others) of "…comply[ing] with the applicable provisions of the Fair Labor

Standards Act" and "to amend the policy of awarding overtime and compensatory

time."

33.

As to "hours of work" specifically, as of December 16, 1986, Section 5-2021

of the 1977 Code of Ordinances Part 5, Chapter 2, Article B, provided as

follows:

Section 1. Hours of Work

(A).....Unless otherwise specified, a normal work schedule
for sworn members of the bureau of fire services shall
consist of 24 hours on duty and 48 hours off duty for an
average of 56 hours per week. A normal work schedule for
the bureau of police services shall consist of 10 eight (8)
hour shifts during a 14 day period representing an
average of 40 hours per week.

(B) Subject to the conditions hereinafter set out, the

commissioner of public safety shall be authorized to adopt
for the department of public safety, or for any clearly
defined divisions of that department, a four (4) day, 40hour
work week, and a five (5) day 40-hour work week....

(D) For the purposes of chapter XV, section 1 of the
civil service rules and regulations, the work week
described in a plan adopted and approved pursuant
to the provisions of subsection (b) above shall
constitute a work week "otherwise specified" and
the work week so described shall be the work week
for the employees operating under the plan.

(E) The provisions of paragraph (1) of chapter IV,
section 13 of the civil service rules and regulations
(overtime compensation), insofar as they require
payment at the rate of one and one-half times the
regular rate for work in excess of eight (8) hours a
day, shall stand modified to the extent that the same
shall require overtime payment of the employees
operating under a plan adopted and approved
pursuant to the provisions of subsection (b)
consisting of a four (4) day, forty-hour week.

(H) If the department of public safety after having
converted to a four-day, 40-hour work week,
wishes to return to a five-day, 40-hour week, it shall
be permitted to return to a five-day, forty hour
schedule only upon written approval of the mayor.

34.

The term "week" has at all times relevant to this litigation been defined in

the City Code as "seven days"

35.

Per the version of 1977 Code §5-2021 in effect as of  December 16, 1986, the City Council—exercising the only power assigned to it—legislative power---had explicitly adopted a 14 day "work period" for sworn officers----predicated on two discrete "work weeks" averaging 40 hours of work per week (but at the same time, §5-2021 purporting to authorize the Commissioner of Public Safety to reduce the 14-day (two week) "work period" to a four or a five day "40 hour work week.")

36.

On its face, as of December 16, 1986, Section 5-201 of the 1977 Code of Ordinances, specifically called for a 53 hour work week for firefighters, but contained no modification whatsoever of the "40 hour per calendar week" work period specified therein as applicable to all other City employees, apart from specifying a (14) work period of 80 hours worked.

37.

Effective December 17, 1986, Ordinance No. 86-O-3065 amended 1977 Code Section 2021 to reflect the following:

Section 1. Hours of Work

The hours of work shall be determined in accordance with the needs of the city and the convenience of the public. The work schedule for each department shall be established by each department in conjunction with the personnel director and approval of the mayor. Unless otherwise specified,

14

the work week shall normally consist of eight hours
during each of five (5) consecutive 24 hour periods.....

38.

Unlike the Code Section it amended (5-2021), (wherein the Council

purported to authorize the Commissioner of Public Safety to specify a forty hour

work week in lieu of an 80 hour, 14 day period, and that such a schedule would

satisfy the "otherwise specified" requirement of the Ordinance), Ordinance 86-O-

3065 did not authorize any employee or official to "otherwise specify" a work

period different from a "work week...consist[ing] of eight hours during each of five

(5) consecutive period--- clearly reserving any such action to itself as an exercise

of its legislative power.

39.

December 17, 1986—the effective date of Ordinance No. 86-O-3065—was,

in fact (pursuant to the 1985 FLSA amendments), approximately 7 months after the

City began incurring overtime liability (April 15, 1986), and was approximately 4

½ months after the expiration of the grace period established in the amendments

allowing public employers to defer payment of overtime earned after April 15,

1981--- until August 15, 1986.

15

40.

The City Council has never adopted a specific "work period" that is unique and applicable to sworn Corrections Department employees, apart from the "workweek" set forth in various sections of the Code of Ordinances, and has never referenced such employees as other than 40 hour per week employees.

41.

As to "Overtime" specifically, as of December 16, 1986, the 1977 Code of Ordinances, Section 5-201, Part 5, Chapter 2, Article B, provided as follows:

Section 13. Overtime

The head of the finance department shall be and is hereby authorized to pay employees for overtime in accordance with the following provisions:

(1) Employees in classes authorized to work overtime shall be paid at the rate of one and one-half (1-½ ) times the regular rate for work in excess of 40 hours during any calendar week (56 hours or a workweek otherwise specified...for sworn members of the bureau of fire services....[W]ith respect to persons who by reason of employment or termination are on the payroll for only a portion of a calendar week, such persons, when authorized to perform overtime work, shall be paid at the rate of one-and one-half (1- ½) times their regular rate for work in excess of eight (8) hours per day, whether or not they work 40 hours at the regular rate during the calendar week involved (56 hours or a workweek otherwise specified by for sworn members in the bureau of fire services....

16

42.

As to "Overtime", Ordinance No. No. 86-O-3065 which became effective

December 17, 2005 amended its predecessor so as to reflect the following:

Section 13. Overtime

The head of the finance department shall be and is hereby
directed to PAY employees for overtime work in
accordance with the following provisions:

(1) Employees in classes authorized to work overtime
shall be paid at the rate of one and one-half (1-½)
times the regular rate of for work in excess of forty
hours during any established work week.
(2) Members of the department of public safety engaged
in fire protection or law enforcement activities who
are non-exempt under the provisions of the FLSA
shall be PAID at the rate of one and one-half (1-½)
times the regular rate for work in excess of the
FLSA standard.
(3) Only actual hours worked plus any approved sick
leave taken during the established work week
counts toward overtime.

43.

The only time increment specified in the Code Section governing the means

of calculating overtime—administering the pay plan---is likewise a "work week"

(7 days).

44.

On November 2, 1987, Council approved an amendment to Code Section 5

2021, deleting subsection 3, and inserting in lieu thereof the following,

"(3) Only actual hours worked plus any approved sick leave or vacation time taken during the established work week shall count towards overtime." Pursuant to this amendment —plainly applicable to sworn correction officers (as was its predecessor)--- employees were contractually entitled to payment at the rate of 1-1/2 times their regular hourly rate when, during any given work week, where the total of actual hours worked, plus any approved or sick leave hours, exceeded forty (40). Id

45.

As to "compensatory time" specifically, as of December 16, 1986, Section 5-2021 of the 1977 Code of Ordinances Part E, Chapter 2, Article 2, provided as follows:

Section 13. Compensatory Time

In lieu of overtime pay for hours worked in excess of 40 hours in a work week, employees who are not authorized overtime pay may be given compensatory time off which shall be known as compensatory leave. Such leave may be granted subject to the following conditions:
(1) Compensatory leave shall only be given for authorized or directed overtime..
(2) Compensatory leave shall be at the rate of one (1) hour of leave for each one hour of overtime.

46.

As to Compensatory Leave, effective 12/17/86, the Code was amended by

Ordinance No. 86-O-3065 to reflect the following:

> (1) Employees non-exempt from the FLSA may be given compensatory time off in lieu of overtime pay at the same overtime rate to which the employee is entitled, provided there is an agreement or understanding with the employee to do so before overtime is performed.

> (2) Employees exempt from the FLSA may be given compensatory time off at the rate of one hour for each hour worked beyond their regularly scheduled work period. Exempt employees are not eligible for overtime pay.

> (3) Each employee must use all compensatory time accrued by the end of the calendar year in which the time was earned....

> (4) Uniformed employees in the department of public safety can accrue a maximum of 160 hours of compensatory time.....

47.

The limitations on the use and accrual of compensatory time contained in subsections (3) and (4) of Ordinance No. 86-O-3065 were in facial violation of the requirements of the FLSA on those same subjects.

48.

Pursuant to the City Code, the Council is required to adopt, by Ordinance, a pay and classification plan. The pay plan is required to set forth the salaries or wages of all classes coming within the classification plan.  All persons employed

by the city are required to be paid the salaries and wages as established by the pay plan for the specific job classifications to which their respective positions are allocated.

49.

On February 19, 1989, the City Council enacted Ordinance No. 89-O-0076 amending Article C of Sections 5-2061 and 5-2062 of the 1977 Code Ordinances ("classification and salary schedule). Ordinance No. 89-O-0076 contains two salary schedules: (a) one applicable to (40) hour employees; and (b) one applicable to (53) hour employees. The weekly, biweekly, and yearly salaries specified as to the "40 hour" employees are all calculated based on a 40 hour work week (40 hours times 52 weeks: 2080 hours per year). In contrast, the weekly, bi-weekly, and yearly salaries specified for the "53 hour employees" are all calculated based on a 53 hour work week (53 hours times 52 weeks: 2756 hours per year).

50.

Because a 53 hour per week schedule applies only to employees in the Fire Department, sworn Corrections Department officers were considered to be, and were paid as 40 hour per week employees.

51.

On March 20, 1995, the City Council adopted the 1995 Pay and Classification Plan for City of Atlanta employees. The Plan includes two separate

pay schedules: (a) one applicable to "40 hour employees", and (b) one applicable to "53 hour employees". The wages/salaries applicable to sworn Corrections Department Officers in the 1995 Plan are included in the schedule applicable to "40 hour employees"----and are based on the employee working 2080 hours per year (40 hours per week for 52 weeks).

52.

On February 10, 1998, the City Council adopted the 1998 Pay and Classification Plan for City of Atlanta employees. The Plan includes separate pay schedules for: (a) "40 hour per week employees"; (b) "40 hour-sworn public safety employees below the rank of deputy chief"; and ( c) "53 hour per week employees in the Fire Department". The wages/salaries applicable to sworn Corrections Department Officers in the 1998 Plan are set forth in the schedule applicable to "40 hour sworn public safety employees", and are based on 2080 hours worked annually (40 hours per week for 52 weeks).

53.

On February 17, 2000, the City Council adopted the 2000 Pay and Classification Plan for City of Atlanta employees. The Plan includes separate pay schedules for (a) "40 hour per week employees"; (b) "sworn public safety employees"; ( c) "sworn 53 hour per week public safety employees"; and (d) "sworn police personnel."  The 2000 "sworn public personnel" pay schedule,

wherein the Department of Corrections' sworn personnel are located, is calculated based on 2080 hours worked annually (40 hours per week for 52 weeks).

54.

On February 19, 2001, the City Council adopted the 2001 Pay and Classification Plan for City of Atlanta employees. The Plan includes separate pay schedules for: (a) "40 hour per week employees"; (b) "sworn 53 hour fire public safety employees"; ( c) "sworn fire and corrections employees" and (d) "sworn police public safety employees." The 2001 "sworn fire and corrections personnel" pay schedule is calculated based on 2080 hours worked annually (40 hours per week for 52 weeks).

55.

On February 21, 2005, the City Council adopted Ordinance No. 05-O-0261, again amending the City's pay and classification Ordinance.  The 2005 pay plan was later amended on December 5, 2005 via Ordinance No. 05-O-2269.37 The pay plan includes separate pay schedules for the Fire Department ("Fire Pay Structure), the Police Department ("Police Pay Structure") and the Corrections Department (Corrections Pay Structure).  The weekly, bi-weekly, and yearly salaries specified in Ordinance No.05-O0261 as applicable to Corrections Department employees are based on 2080 hours worked annually (40 hours per week for 52 weeks). In

contrast, the salaries specified for 53 hour fire Department employees are based on the employee working 2756 hours per year (53 hours per week for 52 weeks).

56.

Even if the City did adopt an other than 40 hour workweek for sworn Corrections Department employees, the Plaintiffs hired after April 15, 1986 were not in any way informed prior to commencing work that: (a) the City had adopted any "work period" other than a standard 40 hour work week; or (b) that agreeing to accept compensatory time off in lieu of overtime pay was a condition of employment. At no time subsequent since April 15, 1986 was any Plaintiff notified or informed that compensatory time would "be preserved, used or cashed out consistent with the provisions of [29 U.S.C. §207(o)]", as required by 29 C.F.R. §553.23.

57.

Rather than being informed or notified that compensatory time would be "preserved, used or cashed out consistent with the provisions of [29 U.S.C. §207(o)]", the City's explicit policy governing compensatory time off explicitly provides to the contrary, specifying a maximum of accrual of compensatory time off (160 hours) which is in facial violation of §207(o)'s requirement that employees be permitted to accrue up to 480 such hours.

58.

On November 17, 2003, the City Council adopted Ordinance No. 03-0-1699

which again specifically provided for accrual of less "compensatory time" hours

(240)

59.

The City Charter provides that:

> The governing body shall prescribe by ordinance and
> resolution the procedures to be followed in the making of
> contracts which shall bind the City. All contracts and all
> ordinances and resolutions which shall make or
> authorize contracts shall be approved as to form by the
> City attorney. The Mayor shall sign all contracts,
> provided, however, the governing body may authorize the
> Mayor by Ordinance to designate another appropriate
> official.

60.

The Charter of the City of Atlanta provides that the Mayor "...shall have the

power and it shall be his or her duty to...(10) When authorized by the council,

negotiate … contracts....and execute same after final approval by the council."

61.

The Code of Ordinances provides that, "The Mayor shall execute all

contracts approved by the council not more than 30 days from the date of adoption

of  the ordinance or resolution authorizing the contract…."

62.

The Code of Ordinances provides that, "Any proposed contract to be entered into on behalf of the city shall be reviewed by the committee on finance, which shall forward its recommendation of approval or disapproval to the full council...."

63.

There does not now exist, nor has there ever existed a written or unwritten "agreement" or "understanding" between the City, on the one hand, and either the Union or individual sworn officers in the Department of Corrections on the other hand, that such sworn officers shall accept, and the City shall provide, compensatory time off in lieu of overtime compensation.

64.

Not only does there exist no written or unwritten "agreement" or "understanding" between the City and individual sworn corrections officers on the other hand that compensatory time will be provided in lieu of paid overtime---- there exists no "record" of any such agreement.

## OVERTIME DUE FOR HOURS WORKED
## IN EXCESS OF 40 HOURS PER WEEK

### 65.

Plaintiffs are not, and have not, for the period of time from June 24, 2005 through the present been paid all monetary compensation which they are due to be paid for hours worked in excess of 40 hours per week.

## MONETARY OVERTIME PAYMENTS ARE DUE
## INSTEAD OF COMPENSATORY TIME OFF

### 66.

Plaintiffs, individually and collectively (upon discovering that the City had failed to properly compensate them by way of cash overtime payments) complained to their supervisors and other City officials regarding same, and expressed their unwillingness to accept compensatory time off in lieu of cash overtime compensation.

### 67.

The City of Atlanta has, by Ordinance, created a grievance procedure which specifically authorizes employees to formally express complaints regarding "classification and pay" issues; "department policies and procedures", and "Citywide policies and procedures" and through an elaborate internal process, to seek resolutions of those complaints.

68.

The City mandates to employees such as Plaintiffs can only accumulate 240 hours of overtime per year.

69.

Plaintiffs are due to be paid in monetary compensation for all overtime hours worked.

**WORK OFF CLOCK**

70.

In addition to the FLSA violations described above, Defendant has also violated the rights of the Plaintiffs by failing to credit them for hours worked and/or for not paying overtime or even allowing comp time for these hours Plaintiffs worked in excess of the applicable FLSA overtime standards.

71.

Specifically, Plaintiffs frequently are required to work overtime for one reason or another, shift change may not be convenient to the actual time Plaintiff has completed or will complete his/her assigned duties or post.  As such, often Plaintiffs will be required to stay over in position.  Rather than compensate Plaintiffs for this time worked in excess of the statutory overtime cut off, Defendant has refused to even acknowledge that the time is overtime.  Rather, the Defendant will bank the time for the employee and only allow employee to use the

time for sick leave purposes, and even then the time credit is at a rate of 1 hour to 1 hour, and not 1 ½ to 1 hour.

## ADJUST TIME

72.

Within the Department of Corrections supervisors are routinely instructed to "adjust" the hours of its employees so as to avoid the payment of overtime.

73.

Plaintiffs have been the subject of departmental "adjustments" of their time and are entitled to compensation for all hours worked.

## FORCED USE OF COMP TIME

74.

Pursuant to City policy employees in the Department of Corrections are entitled to accrue a certain number of hours of sick leave.  When an employee leaves employment all accrued and unused sick leave is forfeited as the City does not pay the exiting officers for the accrued sick time.

75.

Within the Department of Corrections officers, including the Plaintiffs, who call in sick and who request time off due to illness are forced to use accrued compensatory time off instead of sick leave.

76.

Plaintiffs are harmed by Defendants above described actions as they are forced to use compensatory time off and not allowed to use sick leave such that they are accumulating sick leave for which they will not receive compensation.

STATEMENT OF CLAIMS

**COUNT ONE  -- Plaintiffs Work Week is 40 Hours and Defendant is Required to Pay Overtime for Work Performed Over 40 Hours Per Week**

77.

Plaintiffs repeat and re-allege, by this specific reference, the allegations contained in the foregoing Paragraphs of this Complaint as if stated fully herein.

78.

Defendant City of Atlanta has never adopted an other than 40 hours per week workweek for sworn Corrections Department employees, such that the City is not entitled to the partial exceptions for law enforcement personnel such that Plaintiffs are entitled to monetary overtime compensation for work performed per week that is in excess of 40 hours.

79.

Defendant City of Atlanta has, during the three years covered by this lawsuit refused to pay Plaintiffs overtime compensation for hours worked in excess of 40

hours.  As such Defendant City of Atlanta is liable to monetarily compensate Plaintiffs, at one and one-half times their regular rate of pay, for all hours each Plaintiff worked in excess of 40 per week for every week such excess hours accrued at any time during the 3 years prior to the date of the filing on this complaint.

## COUNT TWO

80.

Plaintiffs repeat and re-allege, by this specific reference, the allegations contained in the foregoing Paragraphs of this Complaint as if stated fully herein.

81.

Employees covered under the Act are entitled to overtime compensation at the rate of one and one-half times their regular rates of pay for all hours worked in excess of forty hours per week, except as otherwise provided in Section 7 of the Act(29 U.S.C. §207).

82.

Section 7(a)(1) of the Act (29 U.S.C. §207(a)(1)) specifically provides that an employer shall not employ an employee:

who in any workweek [works] for a workweek longer than forty hours

unless such employee receives compensation for his employment in excess

of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

83.

The Plaintiffs have, during the applicable statutory time periods, worked in excess of the statutory maximum number of hours provided for in Section 7(a)(1) of the Act (29 U.S.C. §207(a)(1)), without receiving compensation for such excess hours at a rate of one and one-half times the regular rate at which the Plaintiffs are or were employed.

84.

These excess hours include, by way of example, but are not limited to: compensable hours spent actually at work and outside of scheduled on-site shift hours and for which overtime such as, for example,: arriving early, as is required by the Department, at the work-site to commence work and/or leaving the work-site late in order to complete work; training functions and activities; employment and work activities while in training; and up-keep and maintenance of equipment and property.

85.

The failure and refusal of Defendant to compensate Plaintiffs at one and one-halftimes their regular rate for all such excess hours identified above is a willful violation of Section 7(a) of the Act (29 U.S.C. §207(a)).

86.

Such violation is redressable by the Plaintiffs as affected employees under Section 16(b) of the Act (29 U.S.C. §216(b)).

87.

The Defendant, therefore, is liable to the Plaintiffs herein in the total amount of each Plaintiffs' unpaid overtime compensation and an additional equal amount as liquidated damages, as well as an amount for reasonable attorneys' fees and for interest, together with the costs and expenses of this action.

88.

Defendant's violations of the FLSA as alleged herein was "willful"  as defined in the Act; and the failure and refusal by Defendant  to pay such compensation is a willful violation of Section 7(a) of the Act (29 U.S.C. §207(a)) within the meaning of the applicable statute of limitations (29 U.S.C. §255(a)), for which Defendant is liable.

89.

Therefore, Plaintiffs herein are entitled to all such unpaid overtime compensation owed to them for work performed in excess of 40 hours per week

90.

The City is under a duty imposed by 29 U.S.C. §211 © and the regulations of the United States Department of Labor to maintain and preserve payroll and

32

other employment records with respect to Plaintiffs from which the amount of Defendants' overtime liability can be ascertained.

91.

Since, the employment and work records for Plaintiffs are in the exclusive possession, custody and control of the Defendant, Plaintiffs are unable to state precisely at this time the exact amount owing to them under this Count One, but do allege that they are due substantial compensation from Defendant under the Act.

## COUNT THREE

(Fair Labor Standards Act – No Mutual Agreement to Accept Compensatory Time)

92.

Plaintiffs repeat and reallege, by this specific reference, the allegations contained in the foregoing Paragraphs of this Complaint as if stated fully herein.

93.

With respect to the substantial hours worked in excess of 40 hours per week, as alleged in the forgoing Counts, and for which Plaintiffs have not been properly compensated for overtime as required under the Act, to the extent that Plaintiffs have been compensated for any overtime worked during the preceding three years such compensation has been in the form of compensatory time off in lieu of monetary payments.  Such practice is a violation of the Fair Labor Standards Act.

94.

More specifically, Section 7(0) requires that overtime hours worked be
compensated in the form of cash as opposed to compensatory time off, except that
under certain circumstances, certain public employers may compensate the
employee through the grant of overtime in the form of compensatory time off in
lieu of cash, only where the employer has reached an agreement with the specific
employee at issue "arrived at between the employer and employee before the
performance of the work. ..

95.

In particular, Section 7(0), DOL Regulation 553.23(a){1) specifically
mandates that, "As a condition for use of compensatory time in lieu of overtime
payment in cash, Section 7(o)(2}(A) of the Act requires an agreement or
understanding reached prior to the performance of work."

96.

Moreover, as set forth under DOL Regulation 553.23(a)(1), under the
circumstances of the Plaintiffs and their employment relationship with the
City and the Corrections Department, "compensatory time maybe used in lieu of
cash overtime compensation only if such an agreement or understanding has been
arrived at between the public agency and the individual employee before the

performance of work."  Furthermore, "a record of its existence must be kept" by the employer. DOL Regulation 553.23(c){1}.

97.

Although each of the individual Plaintiffs  herein has been required by the City to accept compensatory time off in lieu of cash payments for any overtime worked under the Act while no such agreement for the payment of such compensatory time in lieu of cash has been reached between the City and any of the individual Plaintiffs before the performance of the work, as required by Section 7 of the Act and the applicable DOL regulations there under.

98.

 Nor is there any record of the existence of any such agreement between the City and any individual Plaintiff as required by the applicable DOL regulations, precisely because there have been no such agreements in fact between the City and any individual Plaintiff.

99.

In addition, even if the Defendant City's payment to Plaintiffs of compensatory time off in lieu of cash payments for overtime worked under the Act were, hypothetically, permissible under the Act and the applicable DOL

Regulations promulgated there under (which Plaintiff contend above is not so permissible), nevertheless such payments are in further violation of the Act and the DOL Regulations there under, because, "The Act requires that compensatory time under Section 7(0) be earned at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required by section 7," DOL Regulation 553.22(b), but the City has failed to pay such compensatory time off to the Plaintiffs at such "time-and-a-half" rate.

100.

Plaintiffs further allege that the City's past use of compensatory time off in lieu of cash payments for overtime worked by Plaintiffs under the Act otherwise violates the Fair Labor Standards Act and applicable DOL Regulations promulgated there under; and that the City has otherwise failed to comply with all lawful conditions and requirements necessary for the proper and lawful use of such compensatory time off in lieu of cash payments for overtime worked by Plaintiffs as sworn City of Atlanta Correction Officers.

101.

The Defendant, therefore, is liable to the Plaintiffs  herein in the total amount of  Plaintiffs' unpaid overtime compensation as alleged under this Count and an additional equal amount as liquidated damages, as well as an amount for

reasonable attorneys' fees and for interest, together with the costs and expenses of this action.

102.

The Defendants' violation of the FLSA as alleged herein has also been done in a "willful" manner, as defined under the Act; and the failure and refusal by the City to pay such compensation is a willful violation of Section 7(a) of the Act (29 U.S.C. §207(a)) within the meaning of the applicable statute of limitations.

## <u>COUNT FOUR</u>

(Fair Labor Standards Act – Forced to Use Comp Time Instead of Sick Leave and Adjusting Time Records)

103.

Plaintiffs repeat and reallege, by this specific reference, the allegations contained in the foregoing Paragraphs of this Complaint as if stated fully herein

104.

Plaintiffs have worked hours in excess of the statutory number of hours that the FLSA mandates payment of 1 ½ times regular rate of pay.  However, through a host of trickery and slight of hand.  This refusal to pay overtime has been denied for a number of reasons such as forcing an employee to use accrued compensation

37

instead of sick leave when the employee has requested time off due to illness and also by adjusting hours as alleged above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for relief from this Court as follows:

A. That Plaintiffs be awarded a declaratory judgment declaring that The Defendant has willfully and wrongfully violated the statutory and legal obligations owed to the Plaintiffs, and has deprived the Plaintiffs of their rights, protections and entitlements under federal law, as alleged herein;

B. That the Court order a complete and accurate accounting of all of the compensation to which the Plaintiffs are entitled;

C. That judgment be awarded to the Plaintiffs and against the Defendant, by awarding each Plaintiff monetary damages in the form of back pay compensation, and liquidated damages equal to their unpaid compensation, as well as prejudgment and post-judgment interest;

D. That Plaintiffs be awarded a reasonable attorneys' fee, as permitted by statute and Court rule;

E. That Plaintiffs be awarded their costs and expenses in connection with this action; and

F. That the Court grant such other and further relief as is necessary to

protect, preserve, and vindicate the rights of Plaintiff, including, but not

limited to, an Order directing that prospective or future compensation to

Plaintiffs herein be in accord with the FLSA, aid other pertinent federal law

and regulations.

Dated this 8th day of October, 2008.

/s/ David C. Ates
David C. Ates
State Bar No. 026281

DAVID ATES, P.C.
6400 Powers Ferry Road, Suite 112
Atlanta, Georgia 30339
(404)969-4104 – telephone
(404)969-4140 – facsimile
dates@davidateslawfirm.com