IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CLIFFORD ADDERLY, et al.,

   Plaintiffs,

    v.

CITY OF ATLANTA, GEORGIA,

   Defendant.

CIVIL ACTION FILE
NO. 1:08-CV-2111-TWT

ORDER

This is a Fair Labor Standards Act case. It is before the Court on the Defendant's Motion for Summary Judgment [Doc. 24], which is GRANTED.

## I. Introduction

The Plaintiffs are current and former sworn officers with the City of Atlanta Department of Corrections. They allege that they worked in excess of the statutory maximum hours under the Fair Labor Standards Act and that the City of Atlanta owes them additional compensation for overtime hours.

## II. Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

### III.   Discussion

#### A.   Section 7(a) Claims

The Fair Labor Standards Act generally requires employers to pay overtime compensation to employees for hours worked in excess of forty hours per week. The statute provides, however, a partial exemption for municipalities that employ public safety personnel, including "security personnel in correctional institutions." 29 U.S.C. § 207(k); 29 C.F.R. 553.201(a). Under § 7(k), a municipality may adopt a work period of between seven and twenty-eight days for these employees. Overtime is due at the end of the work period for hours in excess of the standard established in the regulations. For example, for "security personnel in correctional institutions," overtime is due for any hours worked in excess of 171 hours over a twenty-eight day period.

Here, the parties dispute (1) whether the Plaintiffs are subject to §7(k) and (2) whether the City properly adopted a twenty-eight day work period for correctional officers.  29 C.F.R. § 553.211(f) provides:

> Employees of correctional institutions who qualify as security personnel for purposes of the section 7(k) exemption are those who have responsibility for controlling and maintaining custody of inmates and of safeguarding them from other inmates or for supervising such functions, regardless of whether their duties are preformed inside the correctional institution or outside the institution (as in the case of road gangs).  These employees are considered to be engaged in law enforcement activities regardless of their rank (e.g., warden, assistant warden, or guard) or of their status as "trainee," "probationary," or "permanent" and regardless of their assignment to duties incidental to the performance of their law enforcement activities, or to support activities of the type described in paragraph (g) of this section, whether or not such assignment is for training or familiarization purposes or for reasons of illness, injury or infirmity.

Here, the Plaintiffs are sworn officers at the Atlanta City Detention Center.  (Compl. ¶ 1.)  Their duties include "maintaining order and discipline within the facilities; supervising, escorting and transporting inmates; patrolling assigned areas and inspecting buildings and inmate cells; controlling contraband and preventing escape; [and] ensuring the safety of inmates and staff . . . ."  (Def.'s Mot. for Summ. J., Ex. 6.)  These responsibilities fall squarely within the scope of duties described in 29 C.F.R. § 553.211(f).  Accordingly, the Plaintiffs are subject to § 7(k).

The Plaintiffs also say that the City did not properly adopt a twenty-eight day work period for correctional officers. However, HR Policy 3.05 does just that. It provides:

> Sworn public safety employees will have a recurring 28 day established work period. . . . Sworn, nonexempt employees in the departments of Corrections and Police must be compensated at the overtime rate for hours actually worked in excess of 171 hours in any established 28-day work period.

(Def.'s Mot. for Summ. J., Ex. 1). The Plaintiffs say this policy is insufficient to establish a twenty-eight day work period because it was not adopted by the City Council. However, City of Atlanta Code § 2-228(3) authorizes the Commissioner of Human Resources to "plan[] and implement[] new or revised human resource programs, policies and processes, including the establishment of a compensation philosophy." Accordingly, approval by City Council is unnecessary.

Moreover, the Eleventh Circuit has held that a city resolution is unnecessary as long as the City can show through other evidence that it actually adopted an alternate work period. Freeman v. City of Mobile, 146 F.3d 1292, 1297 (11th Cir. 1998); see also Spradling v. City of Tulsa, 95 F.3d 1492, 1505 (10th Cir. 1996) ("[A] public employer may establish a 7(k) work period even without making a public declaration, as long as its employees actually work on a regularly recurring cycle . . . ."). Here, the City offers the human resources policy and affidavits of City officials

to show that it used a twenty-eight day work period. Since the Plaintiffs offer no evidence of their own showing that the City does not have a twenty-eight day work period, the City is entitled to summary judgment on these claims.

    B.    <u>Section 7(o) Claims</u>

The Plaintiffs also allege that the City gave them compensatory time off instead of overtime pay. Under subsection 7(o)(2)(A) of the Fair Labor Standards Act, a state or local government agency may give compensatory time off instead of overtime pay if the agency and the employee reach "an agreement or understanding . . . before the performance of the work." 29 U.S.C. § 207(o)(A)(2). Importantly, "such an agreement or understanding need not be formally reached and memorialized in writing, but instead can be arrived at informally, such as when an employee works overtime knowing that the employer rewards overtime with compensatory time." <u>Christensen v. Harris County</u>, 529 U.S. 576, 579 n.1 (2000); <u>see also</u> 29 C.F.R. 553.23(c)(1) ("An agreement or understanding may be evidenced by a notice to the employee that compensatory time off will be given in lieu of overtime pay. In such a case, an agreement or understanding would be presumed to exist for purposes of section 7(o) with respect to any employee who fails to express to the employer an unwillingness to accept compensatory time off in lieu of overtime pay."); 1994 WL 1004765 (DOL WAGE-HOUR) ("Those employees who agree to work overtime

knowing that they will receive compensatory time off for overtime hours worked… are deemed to have reached an agreement with their employer consistent with § 7(o).").

Here, the City adopted HR Policy 3.10 in 2004. The policy provides that: "Exempt employees may be given compensatory time off at the rate of one hour for each hour worked beyond regularly scheduled work hours." See also HR Policy 3.30 (detailing overtime issues for correction officers). These policies are published and available on the City's intranet. Moreover, the policies have been in effect since 2004, and the Plaintiffs offer no evidence that they objected to receiving compensatory time off as overtime compensation. Therefore, because the Plaintiffs worked overtime with notice of the City's policy, the City is entitled to summary judgment on these claims.

C.     Remaining Allegations

The Plaintiffs also allege that they were not compensated for all their time worked. However, they offer no evidence to support this claim. Moreover, they do not address this claim in their Brief in Response to the City's Motion for Summary Judgment. Accordingly, the City is entitled to summary judgment on this claim.

IV.  Conclusion

For the reasons stated above, the Defendant's Motion for Summary Judgment [Doc. 24] is GRANTED.

SO ORDERED, this 30 day of June, 2010.


                                              /s/Thomas W. Thrash
                                              THOMAS W. THRASH, JR.
                                              United States District Judge